IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY LEE, AIS # 184070,     :

    Plaintiff,               :

vs.                            :     CIVIL ACTION 09-0675-CB-M

CHIEF BROWN, et al.,           :

    Defendants.              :

REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action filed by an Alabama prison inmate proceeding *pro se* was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

On October 14, 2009, Plaintiff, a previously adjudicated "three striker,"[1] filed his 42 U.S.C. § 1983 Complaint against Defendants, "Chief Brown, Mrs. Green, Mrs. Nolan, Mrs. Rice, Mrs. Williams, [and] Mrs. Mary." (Doc. 1 at 1). Plaintiff's Complaint was not accompanied by the $350.00 statutory filing

---

[1] This term refers to a prisoner's status under 28 U.S.C. § 1915(g) and applies to a prisoner who brings a civil action or appeal without prepayment of fees or security therefor, after having previously filed, while incarcerated, three or more actions or appeals that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief could be granted.

fee.  Therefore, Plaintiff's action is subject to immediate dismissal[2] unless the Court finds that he is entitled to proceed *in forma pauperis*.

To make that determination, the Court turns to Title 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*." Doss v. Henry, 2008 WL 5231863, *1 (N.D. Fla. 2008) (unpublished).  "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious

---

[2] If a prisoner is denied *in forma pauperis* status pursuant to the three strikes provision of § 1915(g), the Court is not required to give the prisoner an opportunity to pay the filing fee prior to dismissing his § 1983 complaint.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[A]fter three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit.").  "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." Id.

2

physical injury.'" Id. (citing 28 U.S.C. § 1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

In a previous action filed in this Court by Plaintiff, Lee v. McKinnison, 08-00257-CG-M (S.D. Ala. 2009), Plaintiff was identified as having *six* strikes, that is, six prior cases filed in federal court that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. In Lee v. McKinnison, 08-00257-CG-M (S.D. Ala. 2009), Chief United States District Judge Callie V. S. Granade denied Plaintiff's motion to proceed without prepayment of fees and dismissed Plaintiff's action without prejudice pursuant to 28 U.S.C. § 1915(g). (Id., Docs. 6, 7). The Court stated:

> During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff had more than three actions that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. See Lee v. Aycock, CA 97-1806-UWC-TMP (N.D. Ala. Apr. 10, 1998); Lee v. Haley, et al., CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); Lee v. Haley, et al., CA 02-1343-WHA-VPM (M.D. Ala. Jan. 29, 2003); Lee v. Holt, et al., CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); Lee v. Smith, et al., CA 03-1237-SLB-TMP (N.D. Ala. Apr. 20, 2006); and Lee v. Campbell, et al., CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006). In addition to these dismissals, Plaintiff filed at least ten actions that were dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated the action. [FN2]

> [FN2] The following actions filed by plaintiff were dismissed pursuant to § 1915(g): Lee v. Campbell, CA 04-0773-S-NE (N.D. Ala. Apr. 30, 2004); Lee v. Boyeet, et al., CA 04-2256-TMP (N.D. Ala. Aug. 4, 2004); Lee v. Mrs. Arnold, et al., CA 05-0108-VPM-MEF (M.D. Ala. Mar. 14, 2005); Lee v. Hill, et al., CA 05-1042-ID-DRB (M.D. Ala. Dec. 1, 2005); Lee v. Thomas, CA 06-0451-WKM-VRM (M.D. Ala. June 15, 2006); Lee v. Hope, et al., CA 06-0443-MEF-VPM (M.D. Ala. June 16, 2006); Lee v. Hope, et al., CA 07-0795-WKW-WC (M.D. Ala. Sept. 26, 2007); Lee v. Ferrell, et al., CA 07-0773-MHT-WC (M.D. Ala. Oct. 23, 2007); Lee v. Hope, et al., CA 07-0996-WHA-WC (M.D. Ala. Dec. 4, 2007); Lee v. Marcus, et al., 08-0568-WHA-WC (M.D. Ala. Aug. 20, 2008).
>
> . . . [T]here is no indication that Plaintiff was under imminent danger of serious physical injury when he filed the present Complaint. [footnote omitted]
>
> Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice...

(Id., Doc. 5).

In his Complaint in this action, Plaintiff alleges that, in "2009 - everyday" while incarcerated at Fountain Correctional Facility ("Fountain"), Defendants maintained a "nasty" kitchen. (Doc. 1 at 3). Specifically, Plaintiff alleges that:

> The kitchen is nasty[.] Sewer waters, and human waste be running over [the] kitchen floor by sewers drains backing up. Gregory Lee is filing a complaint against G.K. Fountain kitchen staffs. The food is not fit enough for human consumption. There is mold

4

>           on the juice containers.  The workers are not
>           clean cut (fingernails) and are properly
>           protecting thereselves. (sic)  The washing
>           process of the trays is also unfit.  The food
>           or something is making me sick.  The floors
>           are not properly clean.  I will report this
>           to the health department if nothing is done.
>           The stewards have long fingernail and wearing
>           makeup.  They are not properly dressed.

(Doc. 1 at 3-4).  Plaintiff claims that the kitchen conditions at Fountain violate the Eighth Amendment and requests that the Court "order ADOC to upgrade better standard on food, floors, etc. issues." (Doc. 1 at 4, 6).

Assuming all of Plaintiff's allegations as true related to the "nasty" kitchen conditions at Fountain, there is no indication that Plaintiff was "under imminent danger of serious physical injury" at the time that he filed the present Complaint on October 14, 2009, or that an "imminent danger of serious physical injury" is ongoing.[3]  Thus, Plaintiff is not entitled to avoid the bar of § 1915(g) and is not allowed to proceed *in forma*

---

[3] Plaintiff's allegation that "[t]he food or something is making me sick" (Doc. 1 at 3), is insufficient to establish "a present imminent danger" allowing him to proceed under § 1915(g). Brown, 387 F.3d at 1349.  "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." Stearnsmiller v. Florida, 2009 WL 5067668, *4 (N.D. Fla. 2009) (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).  "The plaintiff must allege and provide 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury,' id., and vague allegations of harm and unspecific references to injury are insufficient." Id. (quoting White v. State of Colorado, 157 F.3d 1226, 1231(10th Cir. 1998)).

5

*pauperis* in this action. 28 U.S.C. § 1915(g). See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g). . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss, 2008 WL 5231863, *2 (N.D. Fla. 2008); Dupree, 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed this action and because he has failed to meet the "under imminent danger of serious physical injury" exception to § 1915(g), which would allow him to proceed *in forma pauperis*, Plaintiff's action is due to be dismissed without prejudice. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. <u>Objection</u>. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

2. <u>Transcript (applicable Where Proceedings Tape Recorded)</u>. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 1st day of February, 2010.

                                       s/BERT W. MILLING, JR.
                                       UNITED STATES MAGISTRATE JUDGE